IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In re PRO SE GUANTANAMO BAY DETAINEE CASES*:

| | |
|---|---|
| KHIALI-GUL v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0877 (JR) |
| RAHMATTULLAH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0878 (CKK) |
| TAJ MOHAMMAD v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0879 (RBW) |
| HAJI NASRAT v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0880 (ESH) |
| MOHAMEDUO OULD SLAHI v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0881 (RWR) |
| FAZIL RAHMAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0882 (GK) |
| KARIN BOSTAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0883 (RBW) |
| MUHIBULLAH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0884 (RMC) |
| ALIF MOHAMMAD v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0885 (GK) |
| ABDUL WAHAB v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0886 (EGS) |
| CHAMAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0887 (RWR) |
| NAZUL GUL v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0888 (CKK) |
| YASIN MUHAMMED BASARDH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0889 (ESH) |
| SHARBAT KHAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0890 (RMC) |
| NASRULLAH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0891 (RBW) |
| ALI HUSSIAN MOHAMMAD MUETY SHAABAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0892 (CKK) |
| MOHAMMAD MUSTAFA SOHAIL v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0993 (RMU) |

| | |
|---|---|
| KASIMBEKOV KOMOLIDDEN TOHIRJANOVICH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0994 (RCL) |
| MOHAMEDOU OULD SLAHI SLAHI v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0995 (GK) |
| AKHTEYAR MOHAMMED v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0996 (JR) |
| KHUDAIDAD v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0997 (PLF) |
| ARKAN MOHAMMAD GHAFIL AL KARIN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0998 (RMU) |
| ASIM BEN THABIT AL KHALAQI v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-0999 (RBW) |
| ABIB SARAJUDDIN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1000 (PLF) |
| ABDULLAH MOHAMMED KAHN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1001 (ESH) |
| AKHTAR MOHAMMAD v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1002 (EGS) |
| HABIBULLAH MANGUT v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1008 (JDB) |
| ADEL HASSAN HAMAD v. GEORGE W. BUSH, *et al.* | Civil Action No., 05-CV-1009 (RCL) |
| MOHABAT KHAN v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1010 (RJL) |
| ABDUL ZUHOOR v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1011 (JR) |
| SYED MUHAMMAD ALI SHAH v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1012 (ESH) |
| ABDUL SALAAM v. GEORGE W. BUSH, *et al.* | Civil Action No. 05-CV-1013 (JDB) |

### RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND FOR COORDINATION

For the reasons explained below, respondents move for a coordinated stay of proceedings in the above-captioned *pro se* Guantanamo Bay detainee cases,[1] pending resolution of all appeals in two other Guantanamo Bay detainee cases, *Khalid et al. v. Bush*, No. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), *appeals docketed*, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.*, 355 F. Supp.2d 443 (D.D.C. 2005), *appeal on petition for interlocutory appeal*, No. 05-5064 (D.C. Cir.).  The pending appeals will address the core issues in the above-captioned cases and, thus, determine how the cases should proceed, if at all.  As every Judge who has considered this issue has concluded, a stay of proceedings is therefore appropriate.[2]

### BACKGROUND

The above-captioned cases are among more than 30 individual *pro se* cases filed by detainees at the United States Naval Base, Guantanamo Bay, Cuba ("Guantanamo Bay").  A total of approximately 92 cases have been filed by or on behalf of approximately 200 detainees at Guantanamo Bay and are pending in this Court.  The above-captioned *pro se* cases were filed through mailings by detainees to the Court.  So far several judges of the Court have issued orders

---

[1] Five of the above-captioned cases, *Rahmattulah v. Bush*, No. 05-CV-0878 (CKK); *Gul v. Bush*, No. 05-CV-0888 (CKK); *Shaaban v. Bush*, No. 05-CV-0892 (CKK); *Mangut v. Bush*, No. 05-CV-1008 (JDB); and *Salaam v. Bush*, No. 05-CV-1013 (JDB), have already been stayed. *See infra* note 3.  This motion is being submitted in those cases only for purposes of seeking coordination and not for purposes of seeking a stay.

[2] Due to the extraordinary circumstances presented by these *pro se* cases, *see infra*, respondents' counsel did not confer with each of the *pro se* petitioners regarding this motion, but it is presumed that petitioners oppose the motion.

pertaining to certain *pro se* cases before them.  Judges Kollar-Kotelly and Bates have already stayed cases before them pending the Court of Appeals resolution of the *Khalid* and *In re Guantanamo Detainee Cases* appeals.[3]  Judge Roberts has set a schedule for respondents to file and serve "a statement showing why the Writ of *Habeas Corpus* should not issue."[4]  And Judge Robertson has ordered respondents to "make a return certifying the true cause of petitioner's detention" in the cases before him.[5]

Almost three dozen non-*pro se* Guantanamo Bay detainee cases have been stayed pending the *Khalid* and *In re Guantanamo Detainee Cases* appeals; no Judge of the Court who so far has addressed the issue has refused to stay such a case.[6]

---

[3] *See* Order (May 18, 2005), *Rahmattulah v. Bush*, No. 05-CV-0878 (CKK) (staying case; requiring factual return after decision from Court of Appeals in *Khalid* and *In re Guantanamo Bay Detainee Cases*); Order (May 18, 2005), *Gul v. Bush*, No. 05-CV-0888 (CKK) (same); Order (May 18, 2005), *Shaaban v. Bush*, No. 05-CV-0892 (CKK) (same); Order (May 25, 2005), *Mangut v. Bush*, No. 05-CV-1008 (JDB)(staying case); Order (May 25, 2005), *Salaam v. Bush*, No. 05-CV-1013 (JDB) (same).

[4] *See* Order (May 11, 2005), *Slahi v. Bush*, No. 05-CV-0881 (RWR); Order (May 11, 2005), *Chaman v. Bush*, No. 05-CV-0887 (RWR).

[5] *See* Order (May 11, 2005), *Khiali-Gul v. Bush*, No. 05-CV-0877 (JR); Order (May 27, 2005), *Mohammad v. Bush*, No. 05-CV-0996 (JR); Order (May 27, 2005), *Zuhoor v. Bush*, No. 05-CV-1011 (JR) .

[6] *See*, *e.g.*, *El-Mashad v. Bush*, No. 05-CV-0270 (JR) (dkt. no. 29); *Al-Wazan v. Bush*, No. 05-CV-0329 (PLF) (dkt. no. 15); *Ameziane v. Bush*, No. 05-CV-0392 (ESH) (dkt. no.12); *Sliti v. Bush*, No. 05-CV-0429 (RJL) (dkt. no. 5); *Kabir v. Bush*, No. 05-CV-0431 (RJL) (dkt. no. 10); *Qayed v. Bush*, No. 05-CV-0454 (RMU) (dkt. no. 4); *Al Rashaidan v. Bush*, No. 05-CV-0586 (RWR) (dkt. no. 10); *Battayev v. Bush*, No. 05-CV-0714 (RBW) (dkt. no. 12).

**ARGUMENT**

A coordinated stay of these *pro se* cases is appropriate. The *Khalid* and *In re Guantanamo Detainee Cases* cases involve decisions of Judges Leon and Green, respectively, regarding the claims, if any, available to Guantanamo Bay detainees. The appeals of those cases thus will address the core issues in these *pro se* cases, including whether Guantanamo Bay detainees have judicially enforceable rights under the Constitution, statutes, or various international treaties. Those appeals, therefore, will determine how the Guantanamo Bay detainee cases, including these *pro se* cases, should proceed, if at all. It makes no sense for these cases to proceed in advance of resolution of the appeals; further proceedings would require the expenditure of judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated when the Court of Appeals provides guidance regarding handling of the claims in these Guantanamo Bay detainee cases. Indeed, Judges Kollar-Kotelly and Bates have recognized these issues and stayed the *pro se* cases before them pending a decision from the Court of Appeals.[7]

---

[7] The Court has the authority to stay proceedings in habeas cases, even prior to the filing of a response. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"), which are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases, *see* 2254 Rule 1(b), a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. . . ." *See Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"). *See also Landis v. North American*

A coordinated stay should also include a stay on any requirement, including any requirement previously imposed by Court order, *see supra* notes 4 & 5, that respondents submit any kind of factual return or other return to the *pro se* petitions. Aside from the fact that the Court of Appeals, in *Khalid* and *In re Guantanamo Detainee Cases,* will be considering the proper scope of these habeas proceedings, including whether these cases can be dismissed without reference to specific factual returns for petitioners, little utility would be served by requiring respondents to submit factual returns at this time. In those detainee cases in which factual returns have been required and filed, such returns have typically consisted of records of proceedings before the Combatant Status Review Tribunal ("CSRT"), which the military uses to review and confirm detainees' ongoing status as enemy combatants subject to detention. Such returns include both classified and unclassified material, and often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that, pursuant to military rules and/or the Protective Orders entered in various detainee habeas cases, may not be shared with a detainee (whose detention was initiated because he was believed to pose a threat or danger to the security of the Nation and its troops or citizens).[8]

---

*Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *id.* at 256 (noting propriety of stay in cases "of extraordinary public moment").

[8] A detainee's counsel may have access to classified and protected materials in a factual return pertaining to the detainee, but only after counsel obtains a security clearance and otherwise complies with the protective order made applicable in other Guantanamo Bay detainee cases, which prohibits the sharing of classified information with a detainee. *See* November 8, 2004 Amended Protective Order and Procedures for Counsel Access To Detainees at the United States Naval Base In Guantanamo Bay, Cuba, ¶ 30, *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004).

A coordinated stay should also include a stay on any requirement, including any requirement previously imposed by Court order, *see supra* notes 4 & 5, that respondents submit any kind of factual return or other return to the *pro se* petitions. Aside from the fact that the Court of Appeals, in *Khalid* and *In re Guantanamo Detainee Cases,* will be considering the proper scope of these habeas proceedings, including whether these cases can be dismissed without reference to specific factual returns for petitioners, little utility would be served by requiring respondents to submit factual returns at this time. In those detainee cases in which factual returns have been required and filed, such returns have typically consisted of records of proceedings before the Combatant Status Review Tribunal ("CSRT"), which the military uses to review and confirm detainees' ongoing status as enemy combatants subject to detention. Such returns include both classified and unclassified material, and often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that, pursuant to military rules and/or the Protective Orders entered in various detainee habeas cases, may not be shared with a detainee (whose detention was initiated because he was believed to pose a threat or danger to the security of the Nation and its troops or citizens).[8]

---

*Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *id.* at 256 (noting propriety of stay in cases "of extraordinary public moment").

[8] A detainee's counsel may have access to classified and protected materials in a factual return pertaining to the detainee, but only after counsel obtains a security clearance and otherwise complies with the protective order made applicable in other Guantanamo Bay detainee cases, which prohibits the sharing of classified information with a detainee. *See* November 8, 2004 Amended Protective Order and Procedures for Counsel Access To Detainees at the United States Naval Base In Guantanamo Bay, Cuba, ¶ 30, *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004).

With respect to information supporting detention that can be shared with a detainee, each detainee has already had the opportunity to participate in the CSRT process, and during that process, an unclassified summary of the evidence supporting the detainee's classification as an enemy combatant was made available to the detainee in advance of the CSRT hearing. *See* Memorandum dated July 29, 2004 regarding Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Encl. (1) ¶¶ F(8), H(5) (available online at: www.defenselink.mil/news/Jul2004/d20040730comb.pdf). A detainee also would have been permitted to attend and testify in the open portions of the CSRT proceedings. *See id*. ¶ F(3). There would be little utility in requiring respondents to rehash in a return information the detainee already had the opportunity to learn, especially when proceedings in these cases otherwise should be stayed pending the appeals.

A coordinated stay, including a stay on any kind of return to the petition, would also be warranted to the extent it would be appropriate to attempt to find volunteer counsel for any of the *pro se* petitioners who desire such counsel. These *pro se* cases were presumably filed as a result of notifications provided by the Department of Defense ("DoD") informing detainees that they could seek review of their detention by petitioning the Court. Petitioners, however, are likely unfamiliar with United States law and the American legal system, typically do not speak or write English, and have access to the Court only through mail and not the Court's electronic filing system. Given these factors, as well as the fact that petitioners are not permitted access to classified information supporting their detention, recruitment of volunteer counsel for petitioners

who desire counsel may be appropriate.[9]  A coordinated stay of the cases would permit any such efforts to go forward and promote efficiency in the cases.

## CONCLUSION

For the foregoing reasons, the Court should stay further proceedings in these *pro se* cases, including any requirement for a return to the petitions, pending resolution of the appeals in *Khalid* and *In re Guantanamo Detainee Cases*.

Dated:  June 3, 2005                                Respectfully submitted,

                                                            PETER D. KEISLER
                                                            Assistant Attorney General

                                                            KENNETH L. WAINSTEIN
                                                            United States Attorney

                                                            DAVID B. SALMONS
                                                            Assistant to the Solicitor General

                                                            DOUGLAS N. LETTER
                                                            Terrorism Litigation Counsel

---

[9] For its part, DoD is in discussions with an attorney organization regarding recruiting volunteer counsel for *pro se* petitioners who may desire representation.

      /s/ Terry M. Henry
JOSEPH H. HUNT
VINCENT M. GARVEY
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel:  (202) 514-2000

Attorneys for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2005, I caused a copy of the foregoing Respondents' Motion to Stay Proceedings Pending Related Appeals and for Coordination to be served via U.S. Mail, First Class postage prepaid, on the petitioners in these cases at the following address:

    Camp Delta; Guantanamo Bay
    Washington, D.C. 20355


      /s/ Terry M. Henry
    TERRY M. HENRY
    United States Department of Justice
    Civil Division, Federal Programs Branch

    One of the Attorneys for Respondents